An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL PRATT, INDIVIDUALLY,
Appellant,
vs.
CLARK COUNTY DEPARTMENT OF
AVIATION, A NEVADA POLITICAL
SUBDIVISION,
Respondent.

No. 62463



**FILED**

JUL 29 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to dismiss a wrongful termination action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Appellant Paul Pratt was employed by respondent, the Clark County Department of Aviation (CCDA). As an employee, Pratt was a member of Service Employees International Union, Local 1107 (the union). Pratt was laid off on June 22, 2010. It is undisputed that Pratt did not file a grievance with the union after any discipline or upon being laid off by CCDA. Pratt initially filed a complaint against Clark County in district court, and then filed an amended complaint, naming his former employer CCDA as the defendant.

Pratt claimed (1) he "was subjected to an unwarranted, unlawful and biased disciplinary process which resulted in the issuance of a written reprimand"; (2) he "was laid off by the same individual who had earlier imposed the written reprimand," and (3) the "procedures and circumstances related to that process, [were] implemented by [CCDA] in bad faith, without good cause, in violation of existing policies and procedures and contrary to Nevada law." Based on those factual

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24748

allegations, Pratt's amended complaint included claims for (1) negligent supervision, (2) declaratory relief, and (3) breach of implied covenant of good faith and fair dealing.

CCDA moved to dismiss, arguing, among other things, that Pratt was a member of the union and failed to exhaust his contractual grievance remedies under the operative collective bargaining agreement (CBA). CCDA pointed to the language in Pratt's amended complaint, which stated that his layoff was implemented "in violation of existing policies and procedures and contrary to Nevada law," to argue that his claims clearly alleged that CCDA violated the CBA. Pratt responded by arguing that his specific bad faith claims did not fall within the scope of the CBA.

The district court granted the motion to dismiss, finding that Pratt was subject to the terms of the CBA between the union and CCDA, and that pursuant to the CBA, Pratt was required to submit a timely grievance regarding any discipline or layoff disputes and, if unresolved, to then submit those disputes to binding arbitration. As a result, the district court found that Pratt had not properly asserted that he had exhausted his contractual remedies and dismissed Pratt's amended complaint. Pratt now appeals.

*The district court did not err in finding that Pratt was required to exhaust his remedies provided within the CBA*

As a preliminary matter, CCDA's motion to dismiss was supported by a copy of the CBA governing the employment relationship between the CCDA and the union, along with an affidavit from a CCDA labor management analyst. "If, on a motion [to dismiss], matters outside the pleadings are presented to and not excluded by the court, [the motion]

shall be treated as one for summary judgment. . . ." *Lumbermen's Underwriting Alliance v. RCR Plumbing, Inc.*, 114 Nev. 1231, 1234, 969 P.2d 301, 303 (1998) (internal quotations omitted); NRCP 12(b). Because the district court order relies on the dispute resolution and grievance provisions in the CBA, we must review the district court's dismissal as an order granting summary judgment. *See Lumbermen's*, 114 Nev. at 1234, 969 P.2d at 303.

Pratt argues on appeal that he was not required to file a grievance under the CBA because his claims were outside the scope of the CBA grievance provisions.[1]

*Standard of review*

"This court reviews a district court's grant of summary judgment de novo." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when, after viewing the evidence and any reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* "The nonmoving party must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine issue for trial

---

[1]Pratt's opening brief is confusing because he claims that he chose to appeal this case "for a determination on whether a bad faith claim is covered by the [Employee Management Relations Board] (EMRB) process or not." However, in dismissing Pratt's complaint, the district court relied upon Pratt's failure to follow the grievance process under the CBA, and did not evaluate the EMRB issue or the failure to state a claim issue.

or have summary judgment entered against him." *Id.* at 732, 121 P.3d at 1031 (internal quotations omitted).

*The district court did not err in finding that CCDA was entitled to judgment as a matter of law because Pratt was required to exhaust his grievance remedies provided in the CBA*

Pratt argues that (1) "he did not suffer any form of discipline as defined by Article 11" of the CBA; and (2) Article 13, regarding layoffs, only addresses the procedure CCDA must follow, not which types of substantive claims are within the scope of Article 13. As a result, Pratt argues that his bad faith claim was not subject to the CBA's grievance remedies. We disagree.

This court has followed the United States Supreme Court precedent in encouraging labor grievance procedures. *Reynolds Elec. & Eng'g Co. v. United Bhd. of Carpenters & Joiners of Am., Local Union 1780*, 81 Nev. 199, 206-08, 401 P.2d 60, 63-65 (1965) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653 (1965)). In *Reynolds*, this court noted that "[c]ontract grievance procedures are expressly approved by Congress as a preferred method for settling disputes." 81 Nev. at 206, 401 P.2d at 64. This court analyzed Supreme Court precedent, and concluded that the caselaw "reveals the Supreme Court's intention to preclude court intervention into the merits of a labor dispute where grievance and arbitration procedures have been contractually provided for." *Id.* at 207-08, 401 P.2d at 64-65 ("An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.") (internal quotations omitted). After analyzing the language of the CBA, this court concluded that none of the clauses specifically excluded the

disputes at issue from resolution by the grievance and arbitration process. *Id.* at 212, 401 P.2d at 67. Therefore, this court concluded that the disputes were "within the scope of the grievance and arbitration clauses of . . . the collective bargaining agreement[]." *Id.* at 213, 401 P.2d at 68; *see also* NRS 288.150(2)(o) (requiring governments and unions to bargain over "[g]rievance and arbitration procedures for resolution of disputes relating to interpretation or application of collective bargaining agreements").

Here, Article 11 of the CBA states that "[a] grievance is defined as a filed dispute between the [u]nion, on behalf of an employee(s), and the [c]ounty over the interpretation and/or application of the express terms of this [a]greement or a dispute over the issuance of discipline as defined herein." Discipline is defined as "an employee's [w]ritten [r]eprimand, [f]inal [w]ritten [w]arning, [d]emotion, or [i]nvoluntary [t]ermination . . . ." Further, "[a]ll written reprimands . . . and involuntary termination appeals of employees covered by this [a]greement shall be handled solely in accordance with the procedure set forth in this [s]ection." Grievances relating to discipline must be submitted in writing within ten working days of receiving the discipline.[2]

Additionally, Article 13 includes procedures for disputes involving an employee layoff. Article 13 defines layoff as "any involuntary separation wherein management eliminates a position without prejudice to the incumbent." Article 13 lays out an extensive layoff procedural

---

[2]Additionally, the CBA states that "[a] grievance shall be considered abandoned if not filed and processed by the union on behalf of the employee, where indicated in accordance with the time limitations."

process, in which CCDA would layoff temporary employees first, and then regular employees based on seniority. Any appeals regarding an employee's layoff would then be considered by the layoff review committee. Article 13 specifically addresses procedural issues and "whether the procedure was appropriately followed." Pratt argues that Article 13 does not apply here because it only applies to procedural issues, not whether the entire process was implemented in bad faith. Essentially, Pratt argues that his claim is not a procedural claim, but more of a substantive claim regarding CCDA's motivations surrounding his discipline and layoff.

Based on the language in Article 11, Section 2 and Article 13, Section 3, we conclude that Pratt was required to file a grievance through the union. Regarding the initial discipline, the CBA clearly requires an employee to submit any dispute related to a claim of either improper discipline or that CCDA incorrectly interpreted or misapplied a provision of the CBA via the CBA's grievance procedures. Pratt claims that he has asserted a "bad faith" claim that falls outside the scope of the CBA and that "he did not suffer any form of discipline as defined by Article 11"; however Pratt's amended complaint was based on two primary facts: that he was subject to improper discipline, and his layoff was improper. The record is devoid of any facts that would remove Pratt's claim from the scope of the CBA, and we therefore conclude that the facts surrounding his amended complaint fall within the "[w]ritten [r]eprimand . . . or [i]nvoluntary [t]ermination" definition of discipline in the CBA. *See Reynolds*, 81 Nev. at 207-08, 401 P.2d at 64-65.

Additionally, regarding the CBA layoff provisions, Pratt's amended complaint asserts that "the procedures and circumstances related to that process [surrounding his layoff] [were] implemented by

[CCDA] in bad faith, without good cause, in violation of existing policies and procedures and contrary to Nevada law." This allegation falls within the scope of Article 13 because it claims that CCDA failed to follow the correct layoff procedures. Thus, taking Pratt's allegations in the light most favorable to him, the district court did not err in finding that Pratt was required to submit his dispute through the CBA grievance process because his allegations involve discipline and CCDA's interpretation and application of the CBA's discipline and layoff provisions. As a result, we conclude that the district court properly found that there were no genuine issues of material fact and CCDA was entitled to judgment as a matter of law. Accordingly, we[3]

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[3]We have considered the parties' remaining arguments, including Pratt's argument that his claim is a form of "a substantive due process type claim," and conclude that they are without merit.

cc: Hon. Joanna Kishner, District Judge
Thomas J. Tanksley, Settlement Judge
Kirk T. Kennedy
Fisher & Phillips LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A